Colleen Dolan, P.J.
Grand Juror Doe ("Doe") was a member of the St. Louis County grand jury that declined to indict former police officer Darren Wilson for actions related to the August 9, 2014 shooting of Michael Brown. Doe began serving on the grand jury on May 7, 2014, at which time she was administered her oath of secrecy. Doe has brought federal and state law claims against the respondent, Robert P. McCulloch ("McCulloch"), who is the elected prosecutor of St. Louis County. Doe alleges that McCulloch's handling of the case, such as how evidence was presented, "differed significantly from how evidence was presented in the hundreds of other matters presented to her and the other empaneled grand jurors earlier that same term." More specifically, amongst other things, Doe alleges that "the evidence was presented in a way that implied Brown was the wrongdoer and not Wilson[.]"
Doe seeks an exception to the secrecy obligations imposed by various Missouri Revised Statutes, including §§ 540.080, 540.310, and 540.320, as she wishes to "speak publicly about her experience on the grand jury" and "contribute to the current dialogue concerning race relations."[1] Initially, Doe filed a complaint in federal district court on January 5, 2015, "alleging only that her First Amendment rights were being violated by §§ 540.080, 540.120, 540.310, and 540.320, as well as any other provision of Missouri law prohibiting Doe from discussing or expressing an[y] opinions related to her grand jury service."[2] Doe v. McCulloch , 106 F.Supp.3d 1007 (E.D. Mo. 2015), vacated , 835 F.3d 785 (8th Cir. 2016). The federal district court decided to abstain from exercising jurisdiction over Doe's claims and dismissed her complaint. However, even though the United States Court of Appeals, Eighth Circuit found "[t]he district court did not err in abstaining from exercising jurisdiction," it held that the district court should have retained jurisdiction and stayed the proceedings while the parties litigated state-law issues in Missouri state courts instead of dismissing the case. Id. at 788-89. Accordingly, the district court's *357 judgment was vacated and remanded for further proceedings. Id. at 789. The Eighth Circuit ordered the district court to stay Plaintiff's First Amendment claims pending resolution as it pertains to state law issues in Missouri's state courts, including whether Doe's suit was brought against the wrong party or filed in the wrong venue. Id. at 788-89 n.2.
Doe then filed her petition in St. Louis County Circuit Court on June 2, 2015. Her petition contained three counts:
• Count I-a violation of the Free Speech Clause of the First Amendment in that Doe is reasonably chilled from engaging in expressive activity because certain Missouri laws, such as §§ 540.080, 540.310, and 540.320, prohibit grand jurors from discussing the grand jury proceedings, for which Doe sought declaratory and injunctive relief preventing McCulloch from enforcing Missouri's laws regarding grand jury secrecy requirements;
• Count II-a request for a declaratory judgment that § 540.320 is not applicable to her under the unique circumstances of this case; and
• Count III-a request for a declaratory judgment that Doe should be released from her secrecy oath due to McCulloch's own disclosures of the grand jury proceedings and "the unique circumstances of this case[.]"
On July 16, 2015, McCulloch filed a motion to dismiss pursuant to Rule 55.27(a)(6), arguing Doe failed to state a claim upon which relief could be granted. The trial court granted Defendant's motion and all of Doe's claims were dismissed with prejudice. This appeal follows.
I. STANDARD OF REVIEW
The Supreme Court of Missouri has explained the appropriate standard of review for this type of case:
A judgment sustaining a motion to dismiss for failure to state a claim upon which relief can be granted is reviewed de novo. A motion to dismiss for failure to state a claim is solely a test of "the adequacy of a plaintiff's petition." Exhibits attached to the petition are reviewed as part of the petition. The facts alleged in the petition are assumed to be true, and all reasonable inferences are liberally construed in favor of the plaintiff. The petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.
Smith v. Humane Soc'y of United States , 519 S.W.3d 789, 797-98 (Mo. banc 2017) (internal citations omitted). We will affirm the trial court's dismissal if it is justified on any grounds alleged in the motion. Anderson v. Union Elec. Co. , 463 S.W.3d 783, 786 (Mo. banc 2015).
II. DISCUSSION
a. Introduction to Grand Jury Secrecy
"In Missouri, grand jury proceedings are conducted in secret." State ex rel. Roe v. Goldman , 471 S.W.3d 814, 817 (Mo. App. E.D. 2015) (citing §§ 540.320, 540.080, and 540.110). The secrecy requirement was adopted to "protect and promote the public welfare." Id. More specifically, "[t]he proceedings are conducted in secret to protect the jurors themselves, to promote a complete freedom of disclosure, to prevent the escape of a person to be indicted before he may be arrested, to prevent the subornation of perjury in an effort to disprove facts testified to, and to protect the reputations of persons against whom no indictment may be found." Id. The Supreme Court of the United States has echoed this sentiment:
*358 We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of the grand jury proceedings. In particular, we have noted several distinct interests served by safeguarding the confidentiality of grand jury proceedings. First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.
Butterworth v. Smith , 494 U.S. 624, 630, 110 S.Ct. 1376, 1380, 108 L.Ed.2d 572 (1990) (quoting Douglas Oil Co. of California v. Petrol Stops Nw. , 441 U.S. 211, 218-19, 99 S.Ct. 1667, 1672-73, 60 L.Ed.2d 156 (1979) ).
b. Relevant Missouri Grand Jury Secrecy Statutes
The three Missouri grand jury secrecy statutes identified as relevant in Doe's petition read as follows:
§ 540.080. Oath of grand jurors
Grand jurors may be sworn in the following form:
Do you solemnly swear you will diligently inquire and true presentment make, according to your charge, of all offenses against the laws of the state committed or triable in this county of which you have or can obtain legal evidence; the counsel of your state, your fellows and your own, you shall truly keep secret? You further swear that you will present no one for any hatred, malice or ill will; neither will you leave unpresented any one for love, fear, favor or affection, or for any reward or the hope or promise thereof, but that you will present things truly as they come to your knowledge, to the best of your understanding, according to the laws of this state, so help you God.
§ 540.110. Foreperson-powers and duties-oath
The foreperson of every grand jury, from the time of his appointment to his discharge, shall be authorized to administer any oath, declaration or affirmation, in the manner prescribed by law, to any witness who shall appear before such grand jury, for the purpose of giving evidence in any matter cognizable by them. In addition to the usual oath, the foreperson, before such witness shall testify, shall administer to him or her the following oath:
Do you further solemnly swear, or affirm, that you will not after your examination here, directly or indirectly, divulge or make known to any person or persons the fact that this grand jury has or has had under consideration the matters concerning which you shall be examined, or any other fact or thing which may come to your knowledge while before this body, or concerning which you shall here testify, unless lawfully required to testify in relation thereto?
§ 540.320. Grand juror not to disclose evidence-penalty
No grand juror shall disclose any evidence given before the grand jury, nor the name of any witness who appeared before them, except when lawfully required to testify as a witness in relation thereto; nor shall he disclose the fact of *359 any indictment having been found against any person for a felony, not in actual confinement, until the defendant shall have been arrested thereon. Any juror violating the provisions of this section shall be deemed guilty of a class A misdemeanor.
c. Overview of the Issues Presented
In the trial court's Judgment, it aptly identified and articulated some of the issues now before us:
[Doe] does not specify in her Petition what she would like to say, or what evidence or other materials, specifically, she would like to disclose. Rather, Plaintiff alleges generally that she would like to discuss her experience as a grand juror, and she alleges that she would like to use her experience as a grand juror, and she alleges that she would like to use her experience to contribute to the current public dialogue concerning race relations, to educate the public, and to advocate for legislative change.
[Doe] is seeking an order completely invalidating Missouri's grand jury secrecy laws as applied to her, not an order that allows her to make certain disclosures for certain purposes. As such, [Doe's] purposes in seeking freedom from Missouri's secrecy laws are not relevant here.
Under normal circumstances, Missouri grand jurors are not permitted to make any of the disclosures contemplated by Plaintiff, regardless of their purpose. See §§ 540.080, 540.310, 540.320, 540.330. Therefore, in order for [Doe] to succeed, she must explain how her circumstances are unique, and why an exception to the rule of secrecy should be made for her in this case.
Doe has only directed us to, and our research has only revealed, one case in which an exception to Missouri's grand jury secrecy laws has been granted to grand jurors. The exception was granted under very unique circumstances in a case handed down by the United States District Court for the Western District of Missouri in 1962. Palmentere v. Campbell , 205 F.Supp. 261 (W.D. Mo. 1962). There, the court found that disclosure of certain grand jury details was necessary for the grand jurors to be able to mount a defense in a lawsuit brought against them for their alleged conduct committed in the course of the grand jury proceedings. Id. at 263. With that in mind, we turn to the merits of the four points Doe offers on appeal.
d. Point I-Practical Effect of Declaratory Judgments Sought
Doe argues the trial court "mistakenly concluded that it could provide no relief that would have a practical effect." First, we must note that we are unclear if Doe's premise is correct. We find the trial court concluded that it could provide no relief that would have a practical effect only as it pertains to the enforcement of §§ 540.080 and 540.310. The trial court never explicitly rejected the idea that preventing enforcement of § 540.320 would have a practical effect. In fact, the court appears to have implicitly accepted that § 540.320 would have a practical effect.[3]
*360 This is further supported by the fact that the trial court never questions the justiciability of the petition, never mentions the potential for issuing an advisory opinion, and fully addresses whether Doe adequately states a claim in any of her three counts in the petition. For the reasons expressed infra in this section, we find that only § 540.320 would have a practical effect, which appears to be consistent with the trial court's finding. However, whether Point I is considered "denied" or "granted in part" (as it concerns § 540.320), it yields the same result: we find that preventing McCulloch from enforcing § 540.320 against Doe would have a practical effect. Accordingly, we will address Doe's remaining points on appeal.
The Supreme Court of Missouri has explained that "[a] declaratory judgment should have a conclusive effect and should lay to rest the parties' controversy." Missouri Soybean Ass'n v. Missouri Clean Water Comm'n , 102 S.W.3d 10, 25 (Mo. banc 2003). In the case before us, declaratory and injunctive relief preventing McCulloch from enforcing §§ 540.080 and 540.310 would not have a conclusive effect. Doe argues that "[a] declaratory judgment prohibiting enforcement [by McCulloch] would have the practical effect of allowing [her] to speak both publicly and privately about her experience as a grand juror without fear or prosecution." However, as Doe acknowledges in her petition, grand jury secrecy laws could still be enforced by other government officials.
For example, the St. Louis County Circuit Court retains primary authority to enforce §§ 540.080 and 540.310 against Doe through contempt proceedings, and the court may appoint an attorney to represent the court or the state. See Rule 36.01; see also Smith v. Pace , 313 S.W.3d 124, 130 (Mo. banc 2010) (citing Osborne v. Purdome , 244 S.W.2d 1005, 1012 (Mo. banc 1951) ) (explaining that all courts of record in Missouri have the power to punish for criminal contempt committed inside and outside of the court).[4] Thus, granting Doe the relief sought would not have a "conclusive effect" as it pertains to §§ 540.080 or 540.310. See Missouri Soybean Ass'n , 102 S.W.3d at 25.
Based on the foregoing, we deny Point I. However, we still find that there is a justiciable controversy as to the application of § 540.320. Accordingly, we will address Doe's remaining three points.
e. Point II-Trial Court's Authority to Rule on Count I
In her second point on appeal, Doe contends that the trial court "erred in reaching the merits of Doe's federal constitutional claim [based on freedom of speech]-and dismissing it with prejudice-because that claim was not before the [trial] court," as it was pending in the federal district court. However, we find Doe injected the freedom of speech issue into the petition. In her petition, Doe argued the grand jury secrecy statutes were unconstitutional as applied to her, and the only constitutional right she refers to is freedom of speech. Thus, the trial court could only address that argument by considering how the grand jury secrecy statutes potentially affected Doe's freedom of speech.
i. The England Reservation
Generally, federal courts accord preclusive effect to state courts' resolution of issues.
*361 Allen v. McCurry , 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). Often times, when there is a possibility that a federal constitutional challenge can be avoided by construing a state statute in a certain manner, federal courts will abstain from reviewing a complaint on the merits and wait for a state court to construe the statute pursuant to the state's laws. San Remo Hotel, L.P. v. City & County of San Francisco Cal. , 545 U.S. 323, 324, 125 S.Ct. 2491, 2493, 162 L.Ed.2d 315 (2005). The purpose of abstention is to avoid resolving the federal question by encouraging a state-law determination that may moot the federal controversy. Id. A proper England reservation affords the petitioner the opportunity to have her state-law issues resolved in state court and reserves "the right to return to federal district court to have her constitutional claim heard in a federal forum." McCulloch , 835 F.3d at 787 (citing See England v. La. State Bd. of Med. Exam'rs , 375 U.S. 411, 421-22, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964) ). However, the United States Supreme Court has made it "perfectly clear that the effective reservation of a federal claim [is] dependent on the condition that plaintiffs take no action to broaden the scope of the state court's review beyond decision of the antecedent state-law issue." San Remo Hotel, L.P , 545 U.S. at 340, 125 S.Ct. at 2503.
Doe sought to make a proper England reservation, as explained in Paragraph 2 of her petition and a footnote under Count I, which reads:
Count I is set forth here for the sole purpose of allowing this Court to construe the relevant statutes against a backdrop of Plaintiff's federal constitutional challenge. Should Missouri's courts hold against Doe on questions of state law, Doe intends to return to the United States District Court for disposition of the federal claim.
Nonetheless, relying on Kansas City Premier Apartments, Inc. v. Missouri Real Estate Comm'n , 344 S.W.3d 160, 170 n.4 (Mo. banc 2011), the trial court addressed Count I and noted that "the resolution of Plaintiff's state law claims in Count II and III would necessarily require this Court to address the scope of Plaintiff's rights under the First Amendment because Missouri may not offer fewer protections to its citizens than required under the federal constitution." In Kansas City Premier Apartments, Inc ., the Supreme Court of Missouri noted that our state constitution may only provide "more expansive protections than comparable federal constitutional provisions." Id. We agree with the trial court.
In the first paragraph of Doe's petition, she states that she is seeking "declaratory judgment that Missouri laws criminalizing speech by Doe, about Doe's experiences as a state grand juror for the investigation of the matter known as State of Missouri v. Darren Wilson , do not apply to Doe as properly construed or are unconstitutional as applied ." (emphasis added). Doe also notes in her petition, citing Butterworth , 494 U.S. at 630, 110 S.Ct. 1376, that "the invocation of grand jury interests is not some talisman that dissolves all constitutional protections." From our perspective, for Doe to succeed on her petition for declaratory judgment, the court would be required to find that Doe's constitutional rights would be violated unless the declaratory judgment were granted. The only constitutional right that Doe references in the petition is her freedom of speech. Thus, to fully address Doe's arguments, the trial court necessarily accounted for Doe's right to free speech under the Missouri Constitution.
The Supreme Court of Missouri has observed that the First Amendment to the United States Constitution and *362 Article I, Sec. 8 of the Missouri Constitution are "comparable." State v. Vaughn , 366 S.W.3d 513, 517 n.3 (Mo. banc 2012). Although Doe discussed her right to free speech under the Missouri Constitution, as opposed to the First Amendment, the trial court pointed out that any resolution of the issue in favor of McCulloch under Missouri's Constitution would inherently resolve Doe's First Amendment issue, as Missouri's Constitution cannot restrict a person's rights beyond what the First Amendment permits. Kansas City Premier Apartments, Inc. , 344 S.W.3d at 170 n.4. We agree with the court's analysis. Accordingly, we find the trial court did not err in reaching the merits of Count I. Point denied.
f. Point III-Exceptions to Missouri Grand Jury Secrecy Statutes
In Doe's third point on appeal, she argues the trial court erred in granting McCulloch's motion to dismiss because the trial court "misconstrued §§ 540.080, 540.310, 540.320, and the applicable law in that an exception applies to the general rules of grand juror secrecy in this case and the statutes are therefore inapplicable to Doe."[5] At the outset of our analysis under Point III, it is important to note that there are no statutory exceptions to the laws mandated by the statutes at issue ( §§ 540.080, 540.310, 540.320 ). Thus, Doe must rely on policy arguments and judicially-created exceptions.
We are mindful of the role of the judiciary: to enforce the laws enacted by the legislature and to try to effectuate the legislature's intent. State ex rel. Koster v. Cowin , 390 S.W.3d 239, 245 (Mo. App. W.D. 2013) ; Weiss v. Rojanasathit , 975 S.W.2d 113, 120 (Mo. banc 1998) ("Our function is to interpret the law; it is not to disregard the law as written by the General Assembly."). "[P]olicy decisions are the province of the legislature." Koster , 390 S.W.3d at 245 (citing Goerlitz v. City of Maryville , 333 S.W.3d 450, 456 (Mo. banc 2011) ). "It is not our role to 'question the wisdom, social desirability or economic policy underlying a statute as these are matters for the legislature's determination.' " Id. (quoting Batek v. Curators of Univ. of Mo. , 920 S.W.2d 895, 899 (Mo. banc 1996) ). Courts have granted exceptions to grand jury secrecy statutes in very limited circumstances, and there must be exceptionally compelling reasons to do so. State v. McGee , 757 S.W.2d 321, 326 (Mo. App. W.D. 1988) (citing State v. Greer , 605 S.W.2d 93, 96 (Mo. banc 1980), rev'd on other grounds , Missouri v. Greer , 451 U.S. 1013, 101 S.Ct. 3000, 69 L.Ed.2d 385 (1981) ) ("It is, however, the rule that grand jury proceedings are to be kept secret except as statutes have specifically modified that rule .") (emphasis added).[6]
In considering whether the circumstances of a case may necessitate an exception to the grand juror secrecy rules, we must weigh the reasons for secrecy against the present need for disclosure. Mannon v. Frick , 365 Mo. 1203, 295 S.W.2d 158, 164 (1956).
*363 The reasons for the policy of secrecy in connection with grand jury proceedings ... are generally said to be: to protect the jurors themselves; to promote a complete freedom of disclosure; to prevent the escape of a person indicted before he may be arrested; to prevent the subornation of perjury in an effort to disprove facts there testified to; and to protect the reputations of persons against whom no indictment may be found.
Id. at 162. Specifically, Doe argues that "justice requires Doe be allowed to speak publicly about her experiences on the grand jury to correct the misinformation McCulloch provided to the public." She also contends that McCulloch's disclosures about the grand jury proceedings created "unusual circumstances." After reviewing McCulloch's statements identified by Doe, we do not find these arguments persuasive.[7] Specifically, Doe points to the following statements by McCulloch:
• Statement 1: "McCulloch said the jurors were therefore 'able to assess the credibility of the witnesses, including those witnesses who[se] statements and testimony remained consistent throughout every interview and were consistent with the physical evidence.' "
• Statement 2: "McCulloch publicly announced that the jurors asked questions of every witness, requested specific witnesses, requested certain physical evidence, and asked that certain photographs be taken and presented to them."
• Statement 3: "McCulloch then announced that the grand jurors 'discussed and debated the evidence among themselves before arriving at their collective decision ,' [and] [h]e stated, 'after their exhaustive review, the grand jury deliberated and ... determined that no probable cause exists to file any charges against Officer Wilson and returned a 'no true bill' on each of the five indictments.' "
Regarding Statement 1, Doe argues that the statement "impl[ies] all twelve of the jurors found the same witnesses to be credible." We disagree. Statement 1 is a broad, generic statement that could apply to almost any grand jury proceeding. The statement is neutral; it could just as easily be used to explain why a grand jury chose to return a "true bill." The same can be said about Statements 2 and 3; we view these articulations as neutral recitations of facts. We do not believe "collective" implies unanimity. Rather, we find "collective decision" describes the process of grand jury deliberations, not the outcome. The grand jury process inherently requires a collective decision, as no indictment can be found without the concurrence of at least nine grand jurors. § 540.250. We agree with Doe's stance that misrepresenting grand jury proceedings would reduce the benefits associated with secrecy-and disclosure of facts to correct any misinformation would be a benefit to the public's interest. Nonetheless, the statements Doe references do not reveal any evidence or testimony that was presented to the grand jury, which is what Doe proposes to do.
Doe does not, in any way, limit the scope of the disclosures she seeks to make. In *364 her petition, Doe states that the grand jury investigation differed "in significant ways from how evidence was presented in the hundreds of matters presented to the same grand jury earlier in its term," and Doe "wishes to express opinions about ... [her] impression that evidence was presented differently than in other cases presented to the same grand jury." (emphasis added). Thus, the exception Doe seeks in her petition is not just limited to Wilson's grand jury proceedings; Doe seeks an exception that would allow her to disclose information from potentially "hundreds of matters." Affording a grand juror unrestrained ability to disclose her interpretation of what happened in the proceedings completely destroys the idea of secrecy, which is crucial to the proper functioning of the grand jury process; the secrecy requirement promotes vitally important interests, such as protecting the jurors themselves, encouraging prospective witnesses to come forward and speak candidly, protecting the integrity of the grand jury process by shielding witnesses from threats, bribes, or other means of inducing fabricated testimony, inter alia. Butterworth , 494 U.S. at 630, 110 S.Ct. at 1380 ; Douglas Oil Co. , 441 U.S. at 218-19, 99 S.Ct. at 1672-73 ; Mannon , 295 S.W.2d at 164.
Doe also contends that the reasons for secrecy are "no longer relevant" and preventing disclosure "does not promote any recognized reasons for grand juror secrecy." (emphasis added). Our Court accepts the idea that the benefits of grand jury secrecy are reduced after the proceedings at issue end. Douglas Oil Co. , 441 U.S. at 222, 99 S.Ct. at 1674. However, Doe ignores the fact that some reasons for secrecy extend beyond the particular grand jury at issue; disclosure of concluded grand jury proceedings can impact future cases. In Douglas Oil Co ., the Supreme Court of the United States explained:
For in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries . Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties. Concern as to the future consequences of frank and full testimony is heightened where the witness is an employee of a company under investigation. Thus, the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities.
Id. (emphasis added). Doe bears the burden of showing that the present need for disclosure outweighs the reasons for grand jury secrecy. The fact that the General Assembly has enumerated several statutes to help enforce the secrecy of grand jury proceedings without providing for any exception reflects the importance placed on grand jury secrecy in this state. This is further bolstered by the fact that judicially-crafted exceptions to grand jury secrecy statutes have only been granted in rare circumstances by this state's courts or other courts where similar grand jury secrecy rules exist.
Doe contends that her situation is similar to the grand jurors in Palmentere -the only case in which a court granted an exception to Missouri's grand jury secrecy laws to grand jury members. Palmentere , 205 F.Supp. at 261. However, we do not find the situations to be similar in any way. In Palmentere , a civil action was initiated by a witness to the grand jury proceedings against the twelve grand jurors. Id. at 262.
*365 The plaintiff-witness alleged that the defendant-grand jurors caused him to be subpoenaed to appear as a witness before the grand jury, and during that appearance, the grand jurors and an assistant prosecuting attorney caused him to be forcibly arrested without a warrant, thereby violating "his right not to be deprived of his life, liberty and property, without due process of law[.]" Id. at 262-63.
In response to the plaintiff-witness's allegations, the defendant-grand jurors filed motions in which they stated:
they are ready and willing to defend themselves on the merits of [the] cause of action both as to the facts and law, but that they cannot do so unless they may reveal to their counsel information to be embodied in pleadings, testify concerning, or otherwise used in such manner as may be necessary to a proper defense, and otherwise make full use of any and all proceedings and deliberations of the grand jury necessary to their defense.
Id. at 263. The United States District Court for the Western District of Missouri noted that "[t]he only question for determination by this court at this time is whether the grand jury may be freed from their oath of secrecy under the [Missouri] statute so that they may defend themselves against the plaintiff's charge of violating his civil rights." Id. at 264. The district court held that the grand jurors may reveal information "as necessary to a proper defense of this action" but only "to such extent as necessary to meet the charges which have been made against them in the [c]omplaint filed in [that] case." Id. at 268.
We find the facts in the case before us and Palmentere to be strikingly distinct. First, we note that the defendant grand jurors in Palmentere could only defend against the potential loss of property (via damages) by disclosing certain facts about the grand jury proceedings. Id. at 263. The district court noted that preventing the grand jurors from disclosing information would "prevent them from offering a proper defense and therefore the maintenance of [the] action would result in a deprivation of [those] defendants' property without due process of law in violation of the Constitution and the laws of the United States." Id. Here, although Doe's alleged aspirations for disclosing grand jury information may aid her in her pursuits, we do not find that making specific disclosures about particular grand jury proceedings is necessary for her to reach many of her goals stated in the petition. For example, in paragraphs 34-36 in her petition, she alleges:
34. Plaintiff believes by sharing Plaintiff's experience, Plaintiff could aid in educating the public about how grand juries function.
35. Plaintiff would also like to use Plaintiff's own experiences to advocate for legislative change to the way grand juries are conducted in Missouri.
36. Plaintiff's views would add to the public debate-occurring in Missouri and across the country-about the proper role of state grand juries and whether they continue to serve their original purpose of protecting the accused, or are now increasingly used to deprive those accused of crimes of due process to which those individuals are otherwise entitled.
We believe Doe would be able to address all of these issues without specifically divulging details of particular proceedings. Unless the grand jurors in Palmentere were allowed to make limited relevant disclosures, the action would have "result[ed] in a deprivation of [the] defendants' property without due process of law in violation of the Constitution and laws of the United *366 States." Id. at 263. In the present case, disclosure of occurrences, as Doe perceived them, is not necessary to pursue the aforementioned goals Doe cites in her petition.
Additionally, the exception granted by the district court in Palmentere was narrowly tailored to protect the defendant grand jurors themselves for a limited, specific goal. The exception allowed the grand jurors to make disclosures "as may be necessary" to mount a defense against the plaintiff's allegations. Id. at 268. The subject matter of the disclosures sought by Doe is also vastly different than in Palmentere . In Palmentere , the district court found it of great importance that the subject matter of the disclosures fall outside the realm of "the legal function of a grand jury." Id. The district court explained:
Certainly a grand jury or a grand juror cannot be held to answer for any act within the area of the grand jury's jurisdiction . If this question had arisen over some matter pertaining to an indictment or some matter pertaining to an investigation which the grand jury was conducting, or were in the general area of its jurisdiction, there would be no hesitancy on the part of this court to [prohibit disclosure(s) ].
Id. (emphasis added). The disclosures Doe wishes to make involve the essential functions of grand jury proceedings and the jury's ultimate determination of whether there is sufficient evidence (i.e., probable cause) to indict a criminal suspect. Thus, the rationale articulated in Palmentere actually supports the findings of the trial court in this case. After considering relevant precedent and independently weighing the reasons for secrecy against the present need for disclosure based on the unique facts alleged in Doe's petition, we decline to grant an exception contravening Missouri's grand juror secrecy statutes. Accordingly, we deny Point III.
g. Point IV-The Court's Authority to Release a Grand Juror from Her Oath
Finally, Doe argues the trial court erred in granting the motion to dismiss because it "misconstrued the authority of a circuit court to release a grand juror from her oath of secrecy in that the circuit court retains jurisdiction to release a grand juror from her oath to keep the grand jury proceeding secret." We find that this argument is without merit, as there is nothing on the record to suggest the trial court concluded it had no jurisdiction to entertain Doe's claims. In fact, the court provided a very thorough, detailed explanation for the conclusions it reached in its fourteen-page Order and Judgment. Moreover, the court addressed the issue of jurisdiction specifically over three pages. The trial court concluded that "Plaintiff's federal lawsuit was filed in the wrong venue, and that this Court has jurisdiction to hear all of Plaintiff's claims."
Doe also claims that the "court's analysis of whether to release Doe from her oath under the circumstances of this case was constrained by its conclusion that there are no exceptions to grand jury secrecy." Again, this is a clear misrepresentation. The trial court stated in its Order and Judgment, "[a]lthough disclosure of grand jury materials may be had when required by the public interest or in the protection of private rights, neither exception applies here." Accordingly, Point IV is denied.
III. Conclusion
Even assuming, as we must, that all facts alleged in the petition are true, we still find Doe has failed to establish she would be entitled to an exception to Missouri's grand jury secrecy laws. Moreover, in regards to Doe's second point on appeal, *367 we find the trial court had authority to rule on Count I. Accordingly, we affirm the judgment of the trial court.
Mary K. Hoff, J., concurs.
Lisa S. Van Amburg, J., concurs.

All statutory citations are to RSMo 2000 as updated through the most recent cumulative supplement, unless otherwise indicated.

Doe did not challenge the applicability of § 540.120 in the petition before us.

The trial court explained:
[Doe] alleges that sections 540.080, 540.310, and 540.320 of the Missouri Revised Statutes are statutes that [McCulloch] enforces. But [McCulloch] cannot bring criminal charges against grand jurors who violate their oath or disclose their vote, and therefore, a declaratory judgment forbidding Defendant from enforcing sections 540.080 or 540.310 against [Doe] would have no practical effect.
By acknowledging all three statutes and then explicitly stating that a declaratory judgment regarding only two of the statutes would have "no practical effect," we believe the trial court was implicitly agreeing that a declaratory judgment regarding the enforcement of § 540.320 would have a practical effect.

All references to rules are to Missouri Supreme Court Rules of Criminal Procedure 2015.

Doe also argues that the trial court "reject[ed] the notion that an exception to grand jury secrecy could ever apply." However, this is directly contradicted by the trial court's Order and Judgment, which provides that "[a]lthough disclosure of grand jury materials may be had when required by the public interest or in the protection of private rights, neither exception applies here."

In Plaintiff's petition, she notes that, "[i]n Missouri, in the [the 98th General Assembly], House Joint Resolution 17 was proposed to repeal the state constitutional authorization for grand juries." This proposed amendment did not make the Missouri ballot on November 8, 2016.

One of Doe's sub-points under Point III is that McCulloch "recognized a relaxation of the original rule of secrecy" when he wanted to publicly disclose certain information about the proceedings, but he now takes the opposite position. McCulloch's alleged inconsistency is not a relevant consideration for determining if an exception to the secrecy rules should apply. The substance of the disclosures is the important consideration, not McCulloch's purported justification for making those disclosures.